# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARENCE J. KIRK,** | : | **CIVIL NO. 1:CV-11-00665** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **WYOMING COUNTY** | : | |
| **CORRECTIONAL FACILITY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Clarence J. Kirk ("Kirk"), an inmate currently confined at the State Correctional Institution in Pittsburgh, Pennsylvania, initiated this civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983 on April 11, 2011, as amended June 13, 2011.  (Doc. 13.)  Named as Defendants are several prison officials and medical care providers at Kirk's former place of confinement, the Wyoming County Correctional Facility ("WCCF") in Tunkhannock, Pennsylvania.[1] In his amended complaint, Kirk alleges that Defendants were deliberately indifferent to his serious medical needs with respect to an injury he sustained in April 2009.  He also alleges an access to the courts claim and seeks to hold Defendant Wyoming County liable for his injuries.

---

[1]  Named as Defendants are Gary D. Russell, M.D., as well as Wyoming County, Warden Ameigh, Lieutenant Howell, and Nurse Penalton (hereinafter properly spelled "Pendleton") ("WCCF Defendants").

Presently before the court are two motions to dismiss the amended complaint, filed by Defendant Dr. Russell and WCCF Defendants.  (Docs. 16 & 17.)  For the reasons set forth below, the motions to dismiss will be granted in part and denied in part, and Kirk will be permitted to amend his complaint.

I.   **Background**

   A.   **Facts**

In the amended complaint, Kirk provides the following background with respect to his claims.  The court notes that for purposes of disposition of the instant motions to dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Kirk.

On April 19, 2009, while proceeding from the second-tier level to the lower level day room at WCCF, Kirk tripped on a metal strip protruding on the steps.  (Doc. 13 at 2.)  He fell down approximately eight (8) to ten (10) steps and landed on his left shoulder and middle back, and twisted his ankle.  (*Id*.)  The second shift sergeant, a Sergeant Smith, gave Kirk an ice pack for his ankle and told him to submit a sick call request, if necessary.  (*Id*.)  Sometime thereafter, Kirk submitted a sick call slip, requesting to be seen immediately.  (*Id*.)

2

After several days, during which Kirk experienced "intense suffering," on April 23, 2009, Nurse Pendleton called Kirk to the medical department.  (*Id.*)  Despite his pain, Nurse Pendleton gave Kirk only an ace bandage and a pair of velcro-strip sandals, and instructed him to continue applying ice packs.  (*Id.*)  Subsequently, Kirk wrote out several request slips addressed to Warden Ameigh and Lieutenant Howell, requesting x-rays.  (*Id.*)  As stated by Kirk, "eventually" Dr. Russell examined him and mistakenly ordered x-rays of his right shoulder rather than his left.  (*Id.* at 2-3.)  When Kirk asked Dr. Russell to examine and take an x-ray of his ankle, Dr. Russell responded, "We're not talking about that now."  (*Id.* at 3.)  Dr. Russell then asked Kirk if he believed in God, and when Kirk responded that he did, Dr. Russell stated, "Pray for a healing!"  (*Id.*)

Thereafter, Kirk continued to submit sick call requests, but they were ignored. (*Id.*)  However, on August 12, 2009, Kirk was transported to Geisinger Medical Center for care.  (*Id.*)  Kirk alleges that he continues to suffer from severe shoulder, ankle, and back injuries.  (*Id.*)

In addition to these allegations, Kirk avers an access to the courts claim against Warden Ameigh.  His claim, as fully stated, is as follows:

> Count 1, as to Warden Ameigh, denial to "Access to Courts."  Via, the Wyoming County Jail has no access to photo copy machines neither . . .

3

does it have access to legal materials, carbon paper, pencils, pens, for indigent inmates, no law library or materials for legal research. Disrup[ted] incoming call to plaintiff's potential attorney's the least being plaintiff should have been notified of Attorney(s) trying to contact him.

(*Id*.)  Finally, Kirk claims that the lack of a policy, regulation, or directive as to "proper functions of its County Prison" gave rise to the constitutional violations in this case.  (*Id*. at 4.)

### B.    Procedural History

On April 11, 2011, Kirk filed his complaint.  (Doc. 1.)  On April 25, 2011, the court issued an order directing service of the complaint.  (Doc. 6.)  Defendant Dr. Russell filed a motion to dismiss on June 9, 2011.  (Doc. 12.)  However, prior to filing a brief in support of that motion to dismiss, Kirk filed an amended complaint.  (Doc. 13.)  As a result, the court issued an order deeming moot Defendant Dr. Russell's motion to dismiss.  (Doc. 15.)  Thereafter, WCCF Defendants and Defendant Dr. Russell filed motions to dismiss the amended complaint.  (Docs. 16 & 17.)  Briefs in support of the motions were also filed.  (Docs. 18 & 20.)  Kirk filed separate briefs in opposition to the motions on July 12 and 14, 2011, respectively.  (Docs. 21 & 24.)  Neither set of Defendants have filed a reply brief.  Thus, the motions are ripe for disposition.

## II.   <u>Standard of Review</u>

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Id*.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief.  *Twombly*, 550 U.S. at 555; *accord*, *e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  *See also Ashcroft v. Iqbal*, –

U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  *Accord Phillips*, 515 F.3d at 233.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007).  *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Further, when a complaint contains well-pleaded factual allegations, "a court should

6

assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id*. at 1950.  However, a court is "not bound to accept as true a

legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at

555).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations

contained in the complaint, exhibits attached to the complaint and matters of public

record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,

1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263,

268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that

a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.

Additionally, "documents whose contents are alleged in the complaint and whose

authenticity no party questions, but which are not physically attached to the pleading,

may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d

Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d

383, 388 (3d Cir. 2002) ("Although a district court may not consider matters

extraneous to the pleadings, a document *integral to or explicitly relied* upon in the

complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

8

## III.   **Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[2]  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

As stated above, there are two motions to dismiss pending in the instant case. In his motion to dismiss, Defendant Dr. Russell argues that the amended complaint should be dismissed as to him because Kirk has failed to establish that he was deliberately indifferent to his serious medical needs.  In their motion to dismiss, WCCF Defendants argue that the amended complaint should be dismissed on the following grounds: (1) Kirk's claims against Defendants Warden Ameigh, Lieutenant

---

[2]  The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

Howell, and Pendleton in their official capacities are barred by the Eleventh Amendment; (2) Kirk has failed to allege or identify a Wyoming County policy or custom that caused his injuries; (3) Kirk has failed to establish that WCCF Defendants were deliberately indifferent to his serious medical needs;[3] and (4) Kirk has failed to establish an access to the courts claim.  The court will address the arguments set forth in both motions to dismiss in turn.

### A.      Defendant Dr. Russell's Motion to Dismiss

In his motion to dismiss, Defendant Dr. Russell contends that Kirk has failed to allege facts in support of his allegation that Defendant Dr. Russell was deliberately indifferent to his serious medical needs.  To demonstrate a *prima facie* case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that the defendant acted with "deliberate indifference to [his] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).  There are two components to this standard: Initially, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently

---

[3] WCCF Defendants include this argument in the section of their brief in support of the motion to dismiss that argues that Kirk failed to allege or identify a Wyoming County policy or custom that caused his injuries.  (*See* Doc. 20 at 6-8.)

serious.  Additionally, the plaintiff must make a "subjective" showing that the defendant acted with "a sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).[4]

This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment."  *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (citing *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.  *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim.  *Monmouth Cnty.*

---

[4]  The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, where the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *White v. Napolean*, 897 F.2d 103, 109 (3d Cir. 1990); *Monmouth Cnty Corr. Instutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

*Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).  Only

flagrantly egregious acts or omissions can violate the standard.  Medical negligence

alone cannot result in an Eighth Amendment violation, nor can any disagreements

over the professional judgment of a health care provider.  *White v. Napolean*, 897 F.2d

103, 108-10 (3d Cir. 1990).  *See also Estelle*, 429 U.S. at 105-06 (medical malpractice

is insufficient basis upon which to establish an Eighth Amendment violation); *Rouse*

*v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of

negligence and medical malpractice, without some more culpable state of mind, do not

constitute 'deliberate indifference.'"); *Lanzaro*, 834 F.2d at 346 (mere allegations of

malpractice do not raise issues of constitutional import).

In the instant case, Defendant Dr. Russell argues that Kirk's amended complaint

does not establish deliberate indifference to his medical needs.  The court disagrees.

Viewing the facts in a light most favorable to Kirk, the court finds that he has asserted

a claim of deliberate indifference to his medical needs based on his assertions that he

sought treatment from Defendant Dr. Russell for injuries to his left shoulder, ankle,

and back and subsequently Defendant Dr. Russell intentionally refused to provide him

with that treatment, either by intentionally taking an x-ray of the wrong shoulder, by

intentionally denying treatment to his ankle and back, or by insisting that Kirk pray

rather than receive medical care.  *See Durmer*, 991 F.2d at 68; *Spruill*, 372 F.3d at 235.  The ultimate success or failure of this claim is not before the court on a 12(b)(6) motion, only whether Kirk has properly alleged a cause of action, which he has.  Therefore, Defendant Dr. Russell's motion to dismiss will be denied.

### B.   WCCF's Motion to Dismiss

### 1.   Official Capacity

In their motion to dismiss, WCCF Defendants contend that the Eleventh Amendment bars Kirk's claims for money damages against them in their official capacities.  The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued.  *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).  The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself."  *Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 151 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989)).  In *Will*, the Supreme Court held that a state and state officers acting in their

official capacities are not "persons" against whom a claim for money damages under §

1983 can be asserted.  *Will*, 491 U.S. at 64.  However, the Eleventh Amendment does

not preclude a suit against a state official acting in his or her individual, or personal

capacity.  *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Ex parte Young*, 209 U.S. 123, 159-

60 (1908); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002).  Based on this

well-settled law, Kirk's claims for money damages against the all of the WCCF

Defendants in their official capacities will be dismissed.  To the extent that Kirk has

argued in his brief in opposition to the motion to dismiss that when he stated in his

amended complaint that he was suing all Defendants "individually and severally," it

was his intention to sue Defendants in their individual capacities as well, the court will

construe Kirk's amended complaint as setting forth § 1983 claims against WCCF

Defendants in their individual capacities, and those claims will remain viable.  *See*

*Hafer*, 502 U.S. at 31 ("We hold that state officials, sued in their individual capacities,

are 'persons' within the meaning of § 1983.").

### 2.   **Wyoming County *Monell* Liability**

In their motion to dismiss, WCCF Defendants contend that Defendant

Wyoming County should be dismissed as a party because Kirk has failed to allege any

policy, custom, or practice of Wyoming County that sustained or gave rise to his constitutional claims.  A municipal body or other local government unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).  However, municipalities and other local government entities may not be held liable under § 1983 for the acts of their employees under the theory of *respondeat superior* or vicarious liability.  *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997).

The Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* (citing *Monell*, 436 U.S. at 694).  A policy is an official proclamation or edict of a municipality, while a custom is a practice that is "'so permanent and well-settled' as to virtually constitute law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).  A custom need not be "formally approved by an appropriate decisionmaker," but must be "so widespread as to have the force of law." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (quoting *Brown*, 520 U.S. at 404).

A review of the complaint reveals that Kirk has failed to set forth any allegations whatsoever that Wyoming County undertook any act pursuant to an official municipal policy of some nature which caused a constitutional violation.  In addition, his assertion that Wyoming County lacks a policy, regulation, or directive as to "proper functions of its County Prison" is vague and fails to articulate a claim against Wyoming County.  Further, Kirk has not alleged that anyone in Wyoming County government ever promulgated a policy of indifference to his constitutional rights, and he has not alleged that borough officials ever violated the rights of anyone but himself.  *See St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988).  Kirk has alleged nothing more than an isolated incident of alleged unconstitutional activity by a county employee, if even that, liability for which cannot properly be imputed to the county itself.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (stating proof of isolated act insufficient to impose liability under *Monell*).  Therefore, the claim against Wyoming County will be dismissed as legally frivolous.  Kirk, however, will be granted the opportunity to amend his complaint to state a claim against Wyoming County, if possible.

### 3.   WCCF Defendants' Deliberate Indifference to Serious Medical Needs

16

WCCF Defendants also contend that Kirk has failed to establish that they were deliberately indifferent to his serious medical needs.  As the court has already set forth the standard for addressing a deliberate indifference to a serious medical need claim, *see supra* pp. 10-12, that standard need not be repeated here.

Turning to the amended complaint and applying that standard, the court initially finds that Kirk's allegations cannot support liability here against Defendants Wyoming County, Warden Ameigh and Lieutenant Howell.  Specifically, Kirk's allegations, construed liberally, do not support a finding that these Defendants would have had personal involvement in the claims alleged in the amended complaint, as none is a medical provider.  Moreover, any attempt to allow Kirk to amend his complaint against these Defendants would be futile.  Liability cannot be assessed against these Defendants as none of the individuals nor the entity has any authority to make treatment decisions concerning Kirk's medical care.  *See Durmer*, 991 F.2d at 69 (holding warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).

Although Kirk alleges some facts that indicate that these Defendants may have been aware of his medical concerns, Kirk cannot assert liability against these

17

Defendants due to their involvement in reviewing request slips or grievances filed by Kirk.  First, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement.  *Rode*, 845 F.2d at 1208.  Second, mere concurrence in a prison administrative appeal process does not implicate a constitutional concern.  *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (holding that administrative review of prison disciplinary hearings is not constitutionally guaranteed and, therefore, plaintiff's claims with respect to the Program Review Committee's decision did not rise to constitutional significance). While prisoners have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts, which is not compromised by the failure of the prison to address grievances.  *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998).  For these reasons stated above, the deliberate indifference claims against Defendants Wyoming County, Warden Ameigh and Lieutenant Howell will be dismissed.

The remaining WCCF Defendant Nurse Pendleton is not entitled to dismissal of this action.  First, reading the complaint liberally, the Defendant Pendleton may have been personally involved in Kirk's claim asserting a delay of adequate medical care. Further, the court finds that Kirk has asserted a claim of deliberate indifference to his

medical needs based on his assertion that medical treatment was delayed for non-medical reasons.  *See Durmer*, 991 F.2d at 68; *Spruill*, 372 F.3d at 235.  The ultimate success or failure of this claim is not before the court on a 12(b)(6) motion, only whether Kirk has properly alleged a cause of action, which he has.  Therefore, the deliberate indifference claim against Defendant Nurse Pendleton will not be dismissed.

4.      **Access to the Courts Claim**

WCCF Defendants also argue that Kirk has failed to set forth an access to the courts claim against Defendant Warden Ameigh.  As stated above, Kirk has asserted that he was denied access to the courts based on his lack of access to a photocopy machine, legal materials for legal research, carbon paper, pencils, and pens.  For the reasons set forth below, the court will grant WCCF Defendants' motion to dismiss on this issue.  Kirk, however, will be granted the opportunity to amend his complaint to state an access to the courts claim against Defendant Warden Ameigh, if possible.

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  In order to state a claim for denial of this right, Kirk must plead that he has suffered an "actual injury" arising from the challenged conduct of defendants.  *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

19

As stated above, Kirk claims his access to the courts was hindered in several ways.  In their brief in support of the instant motion, WCCF Defendants counter that Kirk has failed to provide any details regarding a date or case which would demonstrate "actual injury" with specificity.  (*See* Doc. 20 at 9) (citing *Wilson v. Shannon*, 982 F. Supp. 337, 339 (E.D. Pa. 1997) (confirming that "actual injury" may be demonstrated by the loss or rejection of a legal claim or failure to meet a deadline).  In his brief in opposition to the instant motion, Kirk states that he "suffered injury not due to a lack of a Wyoming County prison law library," but the lack thereof, "Hindered plaintiff's efforts to pursue his legal claims . . . .  (Doc. 21 ¶ 16.)  Kirk's assertion here does not provide the court with any indication as to what is his "actual injury" in this case.  As such, Kirk has failed to set forth a claim.  However, in the interest of justice to this *pro se* litigant, the court will permit Kirk to reassert his claim of denial of access to the courts in an amended complaint with any details regarding a date or case which would demonstrate "actual injury," if possible.

### C.    Amended Complaint

As set forth above, the court will permit Kirk to file an amended complaint setting forth his claim against Wyoming County, and his claim of denial of access to

the courts against Defendant Ameigh, if possible.  As such, the court also instructs

Kirk to include in his amended complaint his claim of deliberate indifference against

Defendants Dr. Russell and Nurse Pendleton.  Kirk is reminded that in preparing his

amended complaint, among other requirements, a sound complaint must set forth "a

short and plain statement of the claim showing that the pleader is entitled to relief."

FED. R. CIV. P. 8(a)(2).  This statement must "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A

complaint need not contain detailed factual allegations, but a plaintiff must provide

"more than labels and conclusions" or "a formulaic recitation of the elements of a

cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.*; *see*

*also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

   Kirk is also reminded that his amended complaint must sufficiently allege each

Defendant's personal involvement or state that any conduct attributable to each of

them amounted to a violation of his constitutional rights.  *See Rode v. Dellarciprete*,

845 F.2d 1195, 1207-08 (3d Cir. 1988) (in order to state a viable claim under § 1983,

each named defendant must be shown, via the complaint's allegations, to have been

personally involved in the events or occurrences which underlie a claim).  To meet the

21

standards set forth in Rule 8, Kirk's amended complaint must at least contain a modicum of factual specificity, identifying the Defendants and the particular conduct of the Defendants purported to have harmed him.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Purveegiin v. Pike Cnty. Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Kirk is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must specify the existence of actions by Defendants which have resulted in constitutional deprivations.  *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Kirk is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, the claim against Wyoming County and the access to the courts claim against Defendant Warden Ameigh will be dismissed with prejudice for failure to state a claim.

**IV.    <u>Conclusion</u>**

For the reasons set forth above, Defendant Dr. Russell's motion to dismiss will be denied.  Further, the motion to dismiss filed by WCCF Defendants will be granted as to Kirk's claims against Defendants Wyoming County, Warden Ameigh, and Lieutenant Howell.  That motion to dismiss will be denied as to Kirk's claims of deliberate indifference as to Defendant Nurse Pendleton.  Kirk will be permitted to amend his complaint to include a claim against Wyoming County and a claim of access to the courts against Defendant Warden Ameigh, if possible.  Included in that amended complaint also shall be Kirk's deliberate indifference claim against Defendants Dr. Russell and Nurse Pendleton.

An appropriate order will issue.


　　　　　s/Sylvia H. Rambo
　　　　　United States District Judge

Dated:  December 22, 2011.

23

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARENCE J. KIRK,** | : | **CIVIL NO. 1:CV-11-00665** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **WYOMING COUNTY** | : | |
| **CORRECTIONAL FACILITY,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT** the motions to dismiss (Docs. 16 & 17) are **GRANTED** in part

and **DENIED** in part as follows:

    1) The motion to dismiss filed by Defendant Dr. Russell (Doc. 17) is **DENIED**.

    2) The motion to dismiss (Doc. 16) as to Defendant Wyoming County is

**GRANTED**.

    3) The motion to dismiss (Doc. 16) as to Defendant Lieutenant Howell is

**GRANTED**, and Defendant Lieutenant Howell is dismissed as a party in this action.

    4) The motion to dismiss (Doc. 16) is **GRANTED** as to Defendant Warden

Ameigh for Plaintiff's claim of deliberate indifference to his serious medical needs.

4) The motion to dismiss (Doc. 16) is **DENIED** as to Defendant Pendleton for Plaintiff's claim of deliberate indifference to his serious medical needs.

5) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than **January 3, 2012**.

s/Sylvia H. Rambo
United States District Judge

Dated:  December 22, 2011.