IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARENCE J. KIRK,** | : | CIVIL NO. 1:CV-11-00665 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **WYOMING COUNTY,** *et al.*, | : | |
| **Defendants** | : | |

# **MEMORANDUM**

Presently before the court is the amended complaint of Plaintiff Clarence J. Kirk, filed on January 26, 2012. (Doc. 29.) For the reasons set forth below, the court will direct service of the amended complaint on Defendants Dr. Russell and Pendleton only. Defendant Wyoming County will be dismissed as party in this action.

On April 11, 2011, Plaintiff filed a complaint. (Doc. 1.) On April 25, 2011, the court issued an order directing service of the complaint. (Doc. 6.) On May 12, 2011, however, Plaintiff filed an amended complaint.[1] (Doc. 8.) In the amended complaint, Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs with respect to an injury he sustained in April 2009 at his former place of confinement, the Wyoming County Correctional Facility ("WCCF") in Tunkhannock, Pennsylvania. He also brought an access to the courts claim against WCCF's Warden

---

[1] Defendant Dr. Russell filed a motion to dismiss the original complaint on June 9, 2011. (Doc. 12.) However, prior to filing a brief in support of that motion to dismiss, Plaintiff filed the amended complaint. (Doc. 13.) As a result, the court issued an order deeming moot Defendant Dr. Russell's motion to dismiss. (Doc. 15.)

Ameigh, and sought to hold Defendant Wyoming County liable for his injuries. On June 27 and 30, 2011, respectively, Defendants Warden Ameigh, Wyoming County, Nurse Pendleton, and Lieutenant Howell ("WCCF Defendants") and Defendant Dr. Russell filed motions to dismiss the amended complaint. (Docs. 16 & 17.) By memorandum and order dated December 22, 2011, the court granted in part and denied in part those motions to dismiss. (Doc. 26.) Specifically, the court denied Defendant Dr. Russell's motion to dismiss in its entirety. Further, the court denied WCCF Defendants' motion to dismiss as to Plaintiff's claims of deliberate indifference relating to Defendant Nurse Pendleton. The court granted the motion to dismiss filed by WCCF Defendants as to Plaintiff's claims against Defendants Wyoming County, Warden Ameigh, and Lieutenant Howell, but permitted Plaintiff to amend his complaint to set forth a claim against Wyoming County and a claim of access to the courts against Defendant Warden Ameigh, if possible. Thus, Plaintiff was directed to file a second amended complaint including all of his claims.

On January 26, 2012, Plaintiff filed the instant amended complaint. (Doc. 29.) In the amended complaint, Plaintiff restates his claims of deliberate indifference to his serious medical needs against Defendants Dr. Russell and Pendleton. Upon review of these claims, the court will permit them to proceed against these Defendants.[2]

---

[2] Although Plaintiff states in paragraphs 2 and 3 of his amended complaint that he is suing these Defendants in their "official" capacities, (*see* Doc. 29 ¶¶ 2, 3), the court notes that in its memorandum and order dated December 22, 2011, Plaintiff's claims for money damages against these Defendants in their official capacities were dismissed. (Doc. 26.) As a result, and for the

> Plaintiff also asserts the following claim against Wyoming County:
>
> Wyoming Counties [sic] Policy, Custom and practice caused plaintiffs [sic] chronic suffering to serious medical needs with deliberate indifference via, <u>act/omission</u> abuse of said Policy, Custom and practice which lead to a deliberate indifference to a serious medical needs with a wanton (unnecessary) infliction of pain and suffering, violating the 8th and 14th Amendments of plaintiff, cruel and unusual punishments, and due process.  Relating to Dr. Russell and Nurse Pendleton.

(Doc. 29 ¶ 22.)  A review of this claim reveals that Plaintiff has again failed to set forth any allegations that Wyoming County undertook any act pursuant to an official municipal policy of some nature which caused a constitutional violation.  In its previous memorandum and order addressing this claim, the court reasoned as follows:

> [Plaintiff] has not alleged that anyone in Wyoming County government ever promulgated a policy of indifference to his constitutional rights, and he has not alleged that borough officials ever violated the rights of anyone but himself.  *See St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988).  Kirk has alleged nothing more than an isolated incident of alleged unconstitutional activity by a county employee, if even that, liability for which cannot properly be imputed to the county itself.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (stating proof of isolated act insufficient to impose liability under *Monell*).  Therefore, the claim against Wyoming County will be dismissed as legally frivolous.

(Doc. 26 at 16.)  Plaintiff's amended complaint fails to correct the deficiencies in the former complaint with respect to this claim.  As a result, the court will rely on its

---

reasons set forth in the December 22, 2011 memorandum and order, Plaintiff's claims in his amended complaint against these Defendants in their official capacities are not permitted.  Plaintiff may proceed with his claims against these Defendants "individually and severally."  (*See* Doc. 29 ¶ 23.)

3

reasoning from the December 22, 2011 memorandum and order to dismiss this claim as legally frivolous.  Further, recognizing this as Plaintiff's third opportunity to assert such a claim of liability against Wyoming County, his inability to do so leads the court to the conclusion that granting him leave to amend yet again would be futile. Thus, Wyoming County will be dismissed as a party in this action.

Finally, Plaintiff does not include a claim against Defendant Warden Ameigh. Thus, Defendant Warden Ameigh is not a party to this action.

In sum, the Eighth Amendment claims of deliberate indifference to Plaintiff's serious medical needs against Defendants Dr. Russell and Pendleton shall proceed. The claim against Wyoming County will be dismissed and Wyoming County will be dismissed as a party in this action.  Thus, the court will direct service of the amended complaint on Defendants Dr. Russell and Pendleton.

An appropriate order will issue.

                                                                     s/Sylvia H. Rambo
                                                                     United States District Judge

Dated:  February 6, 2012.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE J. KIRK,** : | **CIVIL NO. 1:CV-11-00665** |
| **Plaintiff** : | (Judge Rambo) |
| **v.** : | |
| **WYOMING COUNTY,** *et al.*, : | |
| **Defendants** : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's claim against Wyoming County is **DISMISSED**. Wyoming County is **DISMISSED** as a party in this action.

2) The United States Marshal is directed to serve Plaintiff's amended complaint (Doc. 29) on Defendants Dr. Russell and Nurse Pendleton.

3) Defendants Dr. Russell and Nurse Pendleton are directed to answer or otherwise respond to the amended complaint on or before April 6, 2012.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: February 6, 2012.